Filed 10/30/15  P. v. Cross CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062173 |
| v. | (Super.Ct.Nos. RIF108334 & RIF108604) |
| MATTHEW STEVEN CROSS, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Affirmed in part; reversed and remanded in part.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Matthew Steven Cross appeals from an order denying his petition to recall his life sentence under the Three Strikes Reform Act of 2012, added by Proposition 36 (as approved by voters, Gen. Elec. (Nov. 6, 2012)) (the Reform Act). (Pen. Code, § 1170.126.)[1] On appeal, defendant argues that the Reform Act allows him to seek resentencing for his two nonserious, nonviolent qualifying felony convictions in case No. RIF108334. Following our Supreme Court's recent decision in *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*), we agree with defendant and remand the matter.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On February 12, 2003, defendant and his accomplice Manuel Lopez stole a car from the Riverside Auto Auction holding lot. A security guard on duty identified Lopez as the driver.[3] The security guard did not see any passengers in the stolen vehicle. However, as the vehicle fled, several other witnesses observed two people in the stolen vehicle.

---

[1] All future statutory references are to the Penal Code, unless otherwise stated.

[2] A summary of the factual background in case No. RIF108334 is taken from this court's nonpublished opinion in defendant's prior appeal, case No. E040378. (See *People v. Cross* (July 20, 2007, E040378) [nonpub. opn.], at pp. 2-6.)

[3] Lopez was originally charged with the same offenses as defendant. Lopez pleaded guilty to one count of carjacking, two counts of vehicle theft as a repeat offender, and two counts of receipt of stolen property. He was sentenced to prison for a total term of six years. (*People v. Cross, supra*, E040378, p. 3.)

Around 3:00 p.m. on February 12, a witness saw two men, whom he later identified as defendant and Lopez, walking in a field in Corona. Defendant had his arm around Lopez's neck and had his right hand in his jacket pocket as if he were holding a gun on Lopez. Lopez and defendant jumped into a white truck that was parked in a residential driveway; defendant got into the driver's seat, and Lopez got in on the passenger side. The truck took off at a high rate of speed, jumped the curb, and ran into a flower bed in front of a sign for the housing development, where it became stuck. Lopez jumped out and tried to push the truck while defendant stepped on the gas to try to get the truck "unstuck" from the mud. A van pulled up in the middle of the intersection. The driver got out of the van, and the van fled, leaving the driver in the street.

The driver of the van after seeing two men, one White and one Hispanic, trying to get a white truck out of the mud, stopped to assist when defendant waved to him as if signaling for help. When the driver stopped, defendant opened the passenger door, and ordered the driver to get out of the van while placing his arm underneath his shirt and pointing toward the driver as if he had a gun. Defendant pushed the driver out of the van and then moved into the driver's seat while Lopez got in on the passenger side. Both men took off in the van at a high rate of speed.

The van eventually slid down a hill and got stuck in the mud. Two male witnesses, who saw the van speeding through the parking lot near the Prado Dam and the Prado Olympic shooting park, grabbed their guns. They saw defendant and Lopez exit the van and also saw defendant with his left arm around Lopez's neck and his other hand

3

in his pocket as if he had a gun.  The men ordered defendant to take his hand out of his pocket, to release Lopez, and lie down on the ground.  When defendant and Lopez failed to comply, one of the men fired a shot over their heads.  Both defendant and Lopez then hit the ground, and were ordered to stay put until the police arrived.  Defendant got up and walked away, but Lopez stayed with the men.  Defendant was eventually arrested after he was spotted walking fast on a horse trail near the 71 freeway and hiding in the backyard of a residence.

A jury found defendant guilty of carjacking in count 1 (§ 215, subd. (a)) and of vehicle theft with a prior vehicle theft in counts 2 and 3 (§ 666.5, subd. (a); Veh. Code, § 10851.)  In a bifurcated proceeding, the trial court found true the allegation that defendant had suffered two prior strike convictions, a prior Vehicle Code section 10851 conviction for purposes of counts 1 and 2, a prior prison term, and a prior serious felony conviction.  The trial court sentenced defendant to 83 years to life in prison as follows: an indeterminate term of 27 years to life on count 1, a consecutive term of 25 years to life on count 2, a consecutive term of 25 years to life on count 3, a consecutive term of five years for the prior serious felony conviction, and a consecutive term of one year for the prior prison term.

In case No. RIF108604, on September 20, 2006, a jury found defendant guilty of possession of a firearm by a felon (former § 12021, subd. (a)(1)) and possession of

4

methamphetamine while armed (Health & Saf. Code, § 11370.1).[4] In a bifurcated proceeding, the jury found true that defendant had suffered two prior strike convictions. Defendant was sentenced to concurrent indeterminate terms of 25 years to life on both counts with the sentences to run consecutively to the sentence in case No. RIF108334.

On November 6, 2012, the electorate passed Proposition 36, also known as the Reform Act, which went into effect the next day. It amended sections 667 and 1170.12 so that an indeterminate term of 25 years to life in prison is applied only where the third strike offense is a serious or violent felony or the prosecution pleads and proves an enumerated triggering factor. (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2).)

The Reform Act also created section 1170.126, which provides a procedure for resentencing "persons presently serving an indeterminate term of imprisonment" under the Three Strikes law "whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Such a person may file a petition to recall his or her sentence and be resentenced as a second strike offender. (§ 1170.126, subd. (b).) Essentially, an inmate is eligible for such resentencing if his or her commitment offense is not a serious or violent felony and none of the factors that would trigger a third strike sentence under the Three Strikes law as reformed by the Reform Act applies. (§ 1170.126, subd. (e).) Resentencing of qualified inmates may nonetheless be

---

[4] The jury acquitted defendant of simple possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)).

refused if the trial court, "in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

On September 9, 2014, in case No. RIF108334, defendant filed a petition to recall his sentence and to be resentenced under section 1170.126. On September 15, 2014, the trial court denied defendant's petition, finding defendant ineligible for resentencing under section 1170.126. The court noted that defendant could not split the two vehicle theft counts from the carjacking count and be separately resentenced.

On October 9, 2014, defendant filed an "ex parte" motion to modify his sentence and to reduce the $5,000 restitution fine in case No. RIF108604. The trial court considered and denied the motion.

Defendant appealed from the denial of his petition to recall his sentence in case No. RIF108334, as well as from the denial of his "ex parte motion for modification of sentence"[5] in case No. RIF108604

II

DISCUSSION

Defendant acknowledges that he is ineligible for resentencing on his conviction for carjacking, which is a serious felony under sections 1192.7, subdivision (c)(27), and 667.5, subdivision (c)(17). (§ 1170.126, subd. (e)(1) [an inmate is eligible for resentencing if he or she "is serving an indeterminate term of life imprisonment imposed [under the Three Strikes law] for a conviction of a felony or felonies that are *not defined*

_____

[5] Defendant makes no claims on appeal relating to case No. RIF108604.

*as serious* and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7"], italics added; § 667.5, subd. (c)(17).) He contends, however, that he is eligible for resentencing on his two vehicle theft with a prior vehicle theft convictions because those offenses are not defined as serious or violent felonies.

Defendant argues that the language of section 1170.126 and the intent of the Reform Act are consistent with a conclusion that an inmate is eligible for resentencing on nonserious, nonviolent commitment offenses, notwithstanding ineligibility on the other third strike term. The People concede that defendant's two vehicle theft convictions are nonserious and nonviolent, but maintain defendant is ineligible under section 1170.126 due to his serious and violent felony carjacking conviction, which disqualifies him for resentencing.

Based on the conclusion recently reached by our Supreme Court in *Johnson, supra*, 61 Cal.4th 674, we agree with defendant and remand the matter for further proceedings.

Resolving the exact issue raised in this appeal, on July 2, 2015, our Supreme Court in *Johnson* concluded: "In sum, section 1170.126 is ambiguous as to whether a current offense that is serious or violent disqualifies an inmate from resentencing with respect to another count that is neither serious nor violent. Considering section 1170.126 in the context of the history of sentencing under the Three Strikes law and Proposition 36's amendments to the sentencing provisions, and construing it in accordance with the legislative history, we conclude that resentencing is allowed with respect to a count that

is neither serious nor violent, despite the presence of another count that is serious or violent.  Because an inmate who is serving an indeterminate life term for a felony that is serious or violent will not be released on parole until the Board of Parole Hearings concludes he or she is not a threat to the public safety, resentencing with respect to another offense that is neither serious nor violent does not benefit an inmate who remains dangerous.  Reducing the inmate's base term by reducing the sentence imposed for an offense that is neither serious nor violent will result only in earlier consideration for parole.  If the Board of Parole Hearings determines that the inmate is not a threat to the public safety, the reduction in the base term and the resultant earlier parole date will make room for dangerous felons and save funds that would otherwise be spent incarcerating an inmate who has served a sentence that fits the crime and who is no longer dangerous." (*Johnson , supra*, 61 Cal.4th at pp. 694-695.)

A decision of the California Supreme Court is controlling authority and must be followed by lower courts.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  Accordingly, we remand the matter to the trial court for a hearing on defendant's petition to recall his sentence and for resentencing.

III

DISPOSITION

In case No. RIF108334, the trial court's order denying defendant's petition to recall his life sentence and for resentencing under the Reform Act is reversed. The matter is remanded for a hearing on defendant's petition.

In case No. RIF108604, the trial court's order denying defendant's ex parte motion for modification is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


CODRINGTON
J.

9